## No. 6536.

F. S. GOODE vs. JOHN NELSON ET AL.　E. J. GAY, THIRD OPPONENT.

A third opponent who claims a privilege on property seized under a *fieri facias*, sets forth his demand in a sufficiently specific manner when he states its *nature*, the special transaction in which it founds, its exact amount, and the particular property on which he claims a privilege.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Beattie*, J.

*Goode & Winder*, for plaintiff and appellee.

*Barrow & Pope*, for defendant.

The opinion of the court was delivered by

SPENCER, J. Plaintiff, F. S. Goode, under *fieri facias* seized a number of mules as the property of defendants. Gay & Co. filed a third opposition, claiming the proceeds of the sale. Plaintiff excepted to this opposition, on the ground that its allegations were vague and not sufficiently explicit and definite to inform him of the nature of the claim. The court *a qua* sustained this exception and dismissed the opposition, from which decree Gay & Co. appeal. The allegations of Gay & Co. are, in substance, as follows: That there is now pending in said court a suit, No. 1425, wherein they claim of the defendants, John Nelson et al., $7439 21, and for payment thereof they also claim a vendor's privilege on certain mules therein described and which were then on the Coulon Plantation, as the whole will appear by the record of said suit; of which a certified copy is annexed and made a part hereof. That the sheriff under a writ of *fieri facias* issued in the suit of F. S. Goode vs. John Nelson et al. has seized and will sell as the property of said defendants the aforementioned mules, on which your petitioners have the vendor's privilege aforesaid; that petitioners' said privilege was duly recorded and preserved; that Goode was a party consenting to the transaction by which petitioners became owners of said mules, and had full notice of their title to the same; that they are entitled to be paid by preference out of the proceeds of the sale, etc. Wherefore they oppose, etc.

The record of the suit No. 1425 was in the same court and office as the

pending suit, but no copy was served or filed with it as stated. The plaintiff insists that, not having been filed with this opposition, the allegations of said suit No. 1425 can not be used to supplement the allegations of this opposition. We do not deem it necessary to pass upon this point. We think the allegations of this opposition, the substance of which we have before stated, are in themselves sufficient. The opponents inform the plaintiff and the court that they have a suit pending against the same defendants, wherein they claim a vendor's privilege on certain mules on Coulon Plantation for $7,439 21; that the plaintiff has caused the sheriff to seize these identical mules under a *fieri facias* in this suit, and that opponents having a duly-recorded vendor's privilege on these mules are entitled to be paid out of the proceeds of their sale, by preference to plaintiff, and pray for judgment accordingly. The opponents state the nature of their demand, to wit: a vendor's privilege growing out of a transaction of which plaintiff had full notice. They state its amount. They identify the property subject to their alleged privilege, by stating it to be certain mules on a certain plantation, being the same mules seized by plaintiff in this case. We think this is a substantial compliance with the requirements of the Code of Practice. The exception should have been overruled.

It is therefore ordered, adjudged, and decreed that the judgment of the court below be avoided and reversed; and it is now ordered and decreed that the exception filed by plaintiff to the third opposition of E. J. Gay & Co. be overruled, and that this cause be remanded to be proceeded with according to law, plaintiff and appellee paying costs of this appeal.